**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAN 0 7 2020

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

**YOLANDA RICHARDS, NORMA L. DIXON,**                    **PLAINTIFFS**
**and CYNTHIA D'ABADIE**
*Individually and on behalf of*
*all others similarly situated*

v.                    Case No. 4:20- CV - 20 - LPR

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**                    **DEFENDANT**

---

## Class and Collective Action Complaint

---

COMES NOW Plaintiffs Yolanda Richards, Norma L. Dixon, and Cynthia D'Abadie each individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Brandon Haubert of WHLAW PLLC, and for their Class and Collective Action Complaint against Defendant Pulaski County Special School District ("Defendant"), he does hereby state and allege as follows:

### I.    Introduction

1.    This is a hybrid class and collective action brought by Plaintiffs Yolanda Richards, Norma L. Dixon, and Cynthia D'Abadie each individually and on behalf of all other non-exempt contract employees who worked for Defendant at any time within a three-year period preceding the filing of this Complaint and had their contracted-hourly rate reduced due to a District-wide common policy of "prorating."

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Ray_

2.      Upholding labor contracts and paying time-and-a-half for all hours over forty disincentives employers from tiring their workers with long hours, and promotes stability in the labor market. A forty-hour base work week leads to safer work, products and services for students.

3.      Rather than following this longtime principle that has helped sustain our free-market system, the Pulaski County Special School District has a common policy that fails to pay its non-exempt contract employees the hourly amount they contract for, nor the lawful amount of overtime. Non-exempt contract employees are prorated and not paid the correct rate for hours they worked in the time it is due, nor paid the correct amount of overtime, thus leading to a myriad of issues for employees and the district.

4.      Plaintiffs thus bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiffs and other non-exempt contract employees lawful contracted rates and overtime compensation for hours worked in excess of forty (40) hours per week.

5.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.      Jurisdiction and Venue

6.      The United States District Court for the Eastern District of Arkansas has

subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

8.      Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

9.      The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

10.     Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

11.     The witnesses to overtime violations alleged in this Complaint reside in this District.

12.     The payroll records and other documents related to the payroll practices that Plaintiffs challenges are accessible in this District.

### III.    The Parties

13.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.     Plaintiff Yolanda Richards is a citizen and resident of Pulaski County.

15.     Plaintiff Norma L. Dixon is a citizen and resident of Pulaski County.

16.     Plaintiff Cynthia D'Abadie is a citizen and resident of Pulaski County.

17.     Plaintiffs worked for Defendant as non-exempt contract employee within

the three (3) years preceding the filing of this Complaint.

18.     In spite of their District-wide contract common to non-exempt employees promising them a set hourly rate, Plaintiffs were paid a varying rate based in part on how many hours Defendant chose to non-pay Plaintiffs and all other non-exempt employees in each pay period.

19.     At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

20.     Defendant Pulaski County Special School District, is a school district that employs many non-exempt hourly employees in Pulaski County, Arkansas.

21.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

23.     Defendant Pulaski County Special School District's principal address is Pulaski County Special School District, 925 East Dixon Road, Little Rock, AR 72206.

24.     Defendant Pulaski County Special School District's lawful agent for service of process is Superintendent Dr. Charles McNulty.

25.     Defendant was at all times relevant hereto Plaintiffs' employer, as well as

the employer of the members of the proposed classes, and is and has been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

26.     Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiffs.

### IV.     Factual Allegations

27.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

28.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendant as non-exempt hourly staff based in the Little Rock headquarters of the district and across the district facilities.

29.     Plaintiffs and other non-exempt contract employees were classified as hourly employees.

30.     Defendant prorated Plaintiffs and other non-exempt contract employees pay by taking away pay for hours Plaintiffs and other non-exempt contract employees worked, thus not paying the contracted rate for hours they worked in the time it is due, nor paying the correct amount of overtime

31.     Plaintiffs and other non-exempt contract employees were thus paid a blended-rate in violation of their contract that varies based on how much time the District takes away from them each bi-weekly period.

32.     Plaintiffs and other non-exempt contract employees regularly worked in excess of forty (40) hours per weekly pay period.

33.     It was Defendant's commonly applied practice to not pay Plaintiffs and

other non-exempt contract employees for all of the hours during which they were performing labor for Defendant, and to not pay them a lawful overtime premium.

34.     As a result, Defendant did not pay Plaintiffs or other non-exempt contract employees a lawful overtime wage of one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

35.     Plaintiffs and other non-exempt contract employees were and are entitled to a lawful overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

36.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other non-exempt contract employees violated the FLSA and AMWA.

37.     Defendant promised Plaintiffs and other non-exempt contract employees a rate of pay based on the contract signed by Plaintiffs and Defendant.

38.     Plaintiffs and other non-exempt contract employees relied on that promised rate of pay in taking the position with Defendant and accepting the offer.

39.     Plaintiffs and other non-exempt contract employees did not receive the promised rate of pay based on the contract set by Defendant.

40.     But for Defendants actions keeping more of their pay than promised, Plaintiffs and other non-exempt contract employees would have received more income.

## V. Representative Action Allegations

### A.     FLSA § 216(b) Collective

34.     Plaintiffs repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

35.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36.     Plaintiffs brings his FLSA claims on behalf of all non-exempt contract employees who worked for Defendant at any time within the applicable statute of limitations period for more than forty (40) hours in a week, who were non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.      Liquidated damages and attorneys' fees and costs.

37.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

38.     The relevant time period dates back three years from the date on which Plaintiffs' Class and Collective Action Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were non-exempt from the overtime requirements of the FLSA;

B.      They were paid a varying rate;

C.      They worked more than forty (40) hours in workweeks;

D.      They recorded their time in the same manner; and

E.      They were subject to Defendant's common practice of denying pay for all

hours worked, including overtime pay for some hours worked over forty (40) per work week.

40.     Plaintiffs is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 100 persons.

41.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

42.     Defendant can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

**B.     AMWA, breach of contract and unjust enrichment Rule 23 Class**

43.     Plaintiffs, individually and on behalf of all other similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA, breach of contract and unjust enrichment as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.     Plaintiffs proposes to represent the class of non-exempt contract employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

45.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours

worked, including overtime in accordance with the AMWA; whether Defendant entered into and breached a contract with Plaintiffs and other non-exempt contract employees; and whether Defendant has been unjustly enriched by its failure to lawfully pay Plaintiffs and the other non-exempt contract employees for all hours worked.

46.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

47.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

48.     Plaintiffs are unable to state the exact number of the potential members of the AMWA, breach of contract and unjust enrichment class but believes that the class exceeds 100 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

49.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

50.     Concentrating the litigation in this forum is highly desirable because Plaintiffs and all proposed class members work or worked in Arkansas.

51.     No difficulties are likely to be encountered in the management of this class action.

52.     The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked for Defendant and experienced the same violations of the AMWA, breach of contract and unjust enrichment that all other class members suffered.

53.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

54.     Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

55.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. First Claim for Relief

## (Individual Claims for Violation of FLSA)

56.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

57.     29 U.S.C. § 206 and 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee

works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

58.    Defendant failed to pay Plaintiffs a one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

59.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

60.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

61.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.  Second Claim for Relief

### (Collective Action Claim for Violation of FLSA)

62.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

63.    Plaintiffs assert this claim on behalf of all non-exempt contract employees for Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

64.    Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

65.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 206; 29 U.S.C. § 207.

66.     Defendant failed to pay Plaintiffs and those similarly situated for all hours worked over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them for some of those hours.

67.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All non-exempt contract employees of Defendant within the past three years who worked more than forty (40) hours in any work week, and whose hourly pay was prorated by deductions of hours worked**

68.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

69.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

70.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF

### (Individual Claims for Violation of the AMWA)

71.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

72.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

73.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75.     Defendant failed to pay Plaintiffs all wages owed, as required under the AMWA.

76.     Despite the entitlement of Plaintiffs to payment of a lawful overtime payment under the AMWA, Defendant failed to pay Plaintiffs a lawful overtime premium.

77.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

78.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing

of this Complaint, plus periods of equitable tolling.

79.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     FOURTH CLAIM FOR RELIEF

### (Individual Claims for Breach of Arkansas Contract)

80.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

81.     Defendant offered, and Plaintiffs and accepted, employment with Defendant creating a contract of employment. Plaintiffs justifiably relied upon this promise to pay a set hourly rate of pay in accepting the contract for employment.

82.     At different times, Defendant, through prorating in its payroll software application and its employees/managers and/or agents, varied the rate of pay from the original contract offer, resulting in Plaintiffs receiving less than provided for in the contract.

83.     The consideration for each contract of employment was the payment of a set hourly rate as agreed upon by Defendant and Plaintiffs.

84.     Plaintiffs performed all conditions precedent to performance by Defendant.

85.     Defendant breached this contract of employment with Plaintiffs by deliberately failing to pay Plaintiffs the set rate as promised, including a lawful overtime rate.

86.     Plaintiffs were damages by Defendant's breach in that they worked hours for which they should have been compensated at the agreed rate, but were not compensated because of Defendant's breach.

87.     Plaintiffs are entitled to recover all wages to which he is owed by contract, and all other damages from this breach of contract.

## IX.     FIFTH CLAIM FOR RELIEF

### (Individual Claims for Unjust Enrichment)

88.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

89.     Whether the Court finds that Plaintiffs had a breached contract with Defendant or not, Defendant has received and benefitted from the labor of Plaintiffs such that retaining said benefits without compensation would be inequitable and rise to the level of unjust enrichment

90.     Plaintiffs conferred on Defendant the benefit of their services.

91.     At all times relevant, Defendant acted upon a plan to save on labor costs by securing earnings promised to and made by Plaintiffs.

92.     Defendant retained and continued to retain such benefits contrary to the fundamental principles of equity.

93.     By reason of Plaintiffs working and Defendant keeping the amount promised to Plaintiffs, defendant has been unjustly enriched at Plaintiffs' expense with actual damages to Plaintiffs.

## X.     SIXTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA, breach of contract and unjust enrichment)

94.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

95.     All members of the proposed class received the same contract offer and had the same breach as discussed above, *infra*, p. 13-14.

96.     Plaintiffs, individually and on behalf of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*, breaches of contract and unjust enrichment.

97.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

98.     Defendant failed to pay Plaintiffs and members of the proposed class all wages owed, as required under the AMWA, and failed to uphold Defendant's promises to Plaintiffs and the proposed class, as well as unjustly enriched itself.

99.     Despite the entitlement of Plaintiffs and members of the proposed class to payment of lawful overtime payments under the AMWA, Defendant failed to pay Plaintiffs and members of the proposed class a lawful overtime premium.

100.    Plaintiffs proposes to represent the AMWA, breach of contract and unjust enrichment liability class of individuals defined as follows:

**All non-exempt contract employees of Defendant in Arkansas within the past three years who worked more than forty (40) hours in any work week, had a contract with a set hourly rate of pay, and whose hourly pay was prorated by deductions of hours worked**

101.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

102.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a

reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

103.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Yolanda Richards, Norma L. Dixon, and Cynthia D'Abadie, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.    That Defendant be required to account to Plaintiffs, the collective and class members, and the Court for all of the hours worked by Plaintiffs and the collective and class members and all monies paid to them;

B.    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.    A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

D.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.    Judgment for damages for all unpaid overtime compensation under the Fair

Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

F.      Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations; and judgment for damages for breach of contract and unjust enrichment;

G.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class during the applicable statutory period;

H.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; as well as judgment for breach of contract and unjust enrichment

I.      An order directing Defendant to pay Plaintiffs and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**YOLANDA RICHARDS, NORMA L. DIXON, and CYNTHIA D'ABADIE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

WH Law, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By: _____

Chris W. Burks (ABN: 2010207)
chris@whlawoffices.com

_____

Brandon M. Haubert (ABN: 2013137)
brandon@whlawoffices.com