IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**YOLANDA RICHARDS, NORMA L. DIXON,**
**AND CYNTHIA D'ABADIE**, Individually and on
Behalf of All Others Similarly Situated                          **PLAINTIFFS**

vs.                                      No. 4:20-cv-020

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**                **DEFENDANT**

**<u>PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION,</u>**
**<u>FOR DISCLOSURE OF CONTACT INFORMATION, AND TO SEND NOTICES</u>**

COMES NOW Plaintiffs Yolanda Richards, Norma L. Dixon, and Cynthia D'Abadie ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Brandon Haubert of WHLAW PLLC, and for their Motion for Conditional Certification, for Disclosure of Contact Information, and to send Notices, states and alleges as follows:

1.      This Motion is time-sensitive and calls for an expedited review, as explained in the Brief in Support.

2.      Plaintiffs brought this suit on behalf of all former and current non-exempt contract employees of Defendant Pulaski County Special School District ("Defendant"), who have worked more than forty hours in any workweek and whose hourly pay was prorated by deductions of hours worked, to recover overtime wages and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. ("AMWA").

Case 4:20-cv-00020-LPR   Document 13   Filed 07/16/20   Page 2 of 4

3.       Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

Plaintiffs ask this Court to conditionally certify the following class:

> **All non-exempt contract employees of Defendant within the past three years who worked more than forty (40) hours in any workweek, and whose hourly pay was prorated by deductions of hours worked.**

4.       Section 216(b) of the FLSA provides that "[a]n action… may be maintained against any employer… by anyone or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

5.       Plaintiffs hereby move the Court to conditionally certify this lawsuit as a collective action for the purpose of providing notice of the action to members of the collective action class.

6.       Plaintiffs and the members of the putative class are sufficiently similarly situated that conditional certification of the proposed class is appropriate.

7.       Attached as Exhibits 1 and 2, respectively, are the *Notice* and *Consent to Join* proposed by Plaintiffs for distribution in this case.  Attached as Exhibits 3 and 4, respectively, are the *Electronic Transmissions* and *Electronic Consent to Join* proposed by Plaintiffs for electronic distribution in this case. The *Notices* and C*onsents to Join* make no comment on the merits of the case.  The *Notices* are narrowly drawn to notify potential class members of the pending litigation, the composition of the class, and their right to "opt-in" to the litigation.

8.       Plaintiffs requests a period of ninety (90) days to distribute the *Notice* and file *Consent to Join* forms with this Court and requests this Court to enter an Order directing Defendant to provide the names, last known mailing addresses, cell phone numbers, and email addresses of potential opt-in Plaintiffs no later than one (1) week after the date of the entry of the Order granting this Motion.

9.     Plaintiffs request that this Court permit them to provide the *Notice* to potential opt-in Plaintiffs through mail and text message, or alternatively mail and email, and that this Court permit Plaintiffs to distribute a reminder *Postcard* via traditional U.S. Mail as well as a follow-up text message, or alternatively, an email.

10.     To guarantee notice to Defendant's current employees, Plaintiffs ask that Defendant be required to post the *Notice* in a conspicuous location in the same area in which it posts government-required notices.

11.     Plaintiffs further request that this Court approve the inclusion of Plaintiffs' Class and Collective Action Complaint (E.C. F No. 1), as well as Defendant's Answer thereto, if Defendant so request, along with the *Notice*.

12.     Plaintiffs incorporate their Brief in Support of the current Motion, filed concurrently herewith.

13.     In support of the current Motion, Plaintiffs incorporate the following exhibits:

Ex. 1: Proposed Notice of Right to Join Lawsuit ("*Notice*");
Ex. 2: Proposed Consent to Join Collective Action ("*Consent to Join*");
Ex. 3: Proposed Texts of Electronic Transmissions ("*Electronic Transmissions*");
Ex. 4: Proposed Electronic Consent to Join ("*Electronic Consent to Join*");
Ex. 5: Proposed Reminder Postcard ("*Postcard*");
Ex. 6: Declaration of Attorney Chris Burks; and,
Ex. 7: Declaration of Norma Dixon.

WHEREFORE, premises considered, Plaintiffs pray that the Court:

A.     Conditionally certify the class proposed by Plaintiffs;

B.     Approve of the use of U.S. Mail and text message (or alternatively, U.S. Mail and email) to distribute the Plaintiffs' proposed *Notice* and *Consent to Join*;

C.     Grant approval to the form and content of Exhibits 1–5;

D.      Order Defendant to produce the requested contact information of each putative

class member in an electronically importable and malleable electronic format, such as Excel, within

seven (7) days after this Court's Order is entered;

E.      Allow for an opt-in period of ninety (90) days, to begin seven (7) days after the day

that Defendant produces the names and contact information for the putative class members, in

which putative class members may submit a *Consent to Join* this lawsuit as an opt-in plaintiff;

F.      Grant Plaintiffs' leave to send the *Reminder Postcard* via U.S. Mail and reminder

text message (or email message), beginning thirty (30) days after the opt-in period begins, to

potential plaintiffs who have not responded to the *Notice*; and

G.      Award costs and a reasonable attorney's fee and grant all other relief to which

Plaintiffs may be entitled, whether specifically prayed for or not.

Respectfully submitted,

**YOLANDA RICHARDS, NORMA L. DIXON,
AND CYNTHIA D'ABADIE** Individually and on
Behalf of All Others Similarly Situated,
**PLAINTIFFS**

WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By:     *Chris W. Burks*
Chris W. Burks (ABN: 2010207)
chris@wh.law

Brandon M. Haubert (ABN: 2013137)
brandon@wh.law