IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**YOLANDA RICHARDS, NORMA L. DIXON,**
**AND CYNTHIA D'ABADIE**, Individually and on
Behalf of All Others Similarly Situated                                                   **PLAINTIFFS**

vs.                                      No. 4:20-cv-020

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**                               **DEFENDANT**

**PLAINTIFFS' NOTICE OF DEFAULT AS TO MOTION FOR CONDITIONAL CERTIFICATION, FOR DISCLOSURE OF CONTACT INFORMATION, AND TO SEND NOTICES**

COMES NOW Plaintiffs Yolanda Richards, Norma L. Dixon, and Cynthia D'Abadie ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Brandon Haubert of wHLaw PLLC, and for their Notice of Default as to Conditional Certification of a Collective Action, they do hereby state and allege as follows:

1. Plaintiff filed a Motion for Collective Action, (ECF No. 13) and Brief in Support (ECF No. 14) on July 16, 2020.

2. Counsel for Defendant was electronically served with the Motion for Collective Action per their prior entries of appearance in the electronic case filing system that they filed on January 24, 2020. *See* ECF Documents Nos. 3-4.

3. Defendant's deadline for filing and serving a Response to the Motion was fourteen days from July 16, 2020, per Local Rule 7.2(b), which was July 31, 2020.

4. It has now been a week since Defendant's deadline has expired, and Defendant has not filed or served a Response to the Motion for Collective Action.

5. No extension for filing or serving a Response has been requested or granted.

6. Therefore the Court should grant the Motion for Condition Certification of a Collective Action as presented on July 16, 2020.

7. Defendant will not be prejudiced by the Court's granting of the existing Motion for Conditional Certification of Collective Action, as under the existing legal framework Defendant retains all defenses as well as the ability to move for decertification of the conditionally certified class at the conclusion of the discovery phase in this case.

8. Further, the class as moved for by Plaintiffs only will be comprised of employees of Defendant whose pay was prorated in the three years prior to filing, which while enough to necessitate conditional certification, is not so large as to merit any prejudice to Defendant.

9. After this Court enters an order granting the class, Plaintiffs' counsel will be happy to work with Defendant's counsel on the content and timing of a notice, as well as file a joint report with the Court when a joint notice is agreed to and ready to be sent to the conditionally-certified collective.

10. Plaintiffs' counsel suspects that Defendant's counsel has been understandably busy with other matters, and the filing of this notice is not meant in any way as a criticism; it is just that Plaintiffs' counsel has an obligation to his clients to hold Defendant to the timelines of the Federal Rules of Civil Procedure and local rules in litigating this case, just as he expects Defendant's counsel will hold his clients to.

WHEREFORE, premises considered, Plaintiffs respectfully request that the Court note the default of Defendant as to the Motion for Collective Action; conditionally certify the collective action, issue an order giving the parties seven (7) days to confer on the substance and timing of a notice to the collective, file a joint report with the Court, and for all other good and proper relief to which they may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**YOLANDA RICHARDS, NORMA L. DIXON, AND CYNTHIA D'ABADIE** Individually and on Behalf of All Others Similarly Situated,
**PLAINTIFFS**

wh Law, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

 Chris W. Burks
Chris W. Burks (ABN: 2010207)
chris@wh.law

Brandon M. Haubert (ABN: 2013137)
brandon@wh.law